1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8
9

TRISHA ROCHE, individually,

2:09-cv-01810-LDG-GWF

10

Plaintiff,

11

v.

**ORDER**

12

AUDIO VISUAL SERVICES GROUP, INC., a
Delaware Corporation dba PSAV

13

PRESENTATION SERVICES,

14

Defendant.

15
16

Plaintiff, Trisha Roche, seeks recovery against Defendant, Audio Visual Services Group,

17

Inc. (hereafter PSAV), for intentional infliction of emotional distress. Roche has alleged that she

18

complained about how she was the target of sexual harassment working for PSAV and was fired in

19

retaliation for making her complaint. After being fired, she was hired by Harrah's Entertainment.

20

Additionally, after she started her new job, one of PSAV's employees made derogatory comments

21

about Roche. Subsequently, Harrah's terminated Roche. After exhausting her administrative

22

remedies, Roche brought this action, with others, to recover damages against PSAV. Now PSAV

23

has made a motion to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil

24

Procedure. As Roche has met the liberal pleading standards, the court will deny the motion to

25

dismiss.

26

1   I.      LEGAL STANDARD FOR MOTION TO DISMISS

2          Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim for

3   "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal may be based

4   on either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a

5   cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th

6   Cir. 2008). In considering whether the plaintiff has stated a claim upon which relief can be granted,

7   all allegations of material fact in the complaint are accepted as true and are construed in the light

8   most favorable to the plaintiff. *E.g., McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir.

9   2004); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

10          There is strong presumption against dismissing an action for failure to state a claim. *See*

11   *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The issue is not whether the

12   plaintiff ultimately will prevail, but whether he is entitled to offer evidence in support of his claims.

13   *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). Therefore, extraneous evidence outside of the

14   pleadings should not be considered in ruling on a motion to dismiss. *See Arpin v. Santa Valley*

15   *Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

16          The court may grant a motion to dismiss for failure to state a claim when the complaint

17   does not contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v.*

18   *Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547

19   (2007)). To be facially plausible, the claim must have enough factual content to allow "the court to

20   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal

21   quotation marks omitted). A formulaic recitation of a cause of action with conclusory allegations is

22   not enough. *Id.*

23   II.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24          PSAV moves to dismiss Roche's fifth cause of action on the grounds that the conduct

25   alleged is not "outrageous" enough to state a claim upon which relief can be granted and because

26

2

1    Roche has not sufficiently plead the other element of the claim. In order to show intentional

2    infliction of emotional distress, the plaintiff needs to show there was "(1) extreme and outrageous

3    conduct with either the intention of, or reckless disregard for, causing emotional distress, (2)

4    plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate

5    causation." *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1194 (D. Nev. 2002).

6         Nevada relies on the Restatement (Second) of Torts, which indicates liability exists where

7    the "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all

8    possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

9    community." *Norman v. General Motors Corp.*, 628 F. Supp. 702, 703-04 (D. Nev. 1986) (citing

10   Restatement (Second) of Torts § 46 Comment d (1965)). Initially, the trial court determines

11   whether the defendant's conduct is so extreme and outrageous as to permit recovery. *Id.* at 704.

12   Where reasonable people may differ, the jury is to decide if the conduct is significantly extreme

13   and outrageous to permit recovery. *Id.*

14        Generally, liability for emotional distress does not extend to "mere insults, indignities,

15   threats, annoyances, petty oppressions, or other trivialities." *Candelore v. Clark County Sanitation

16   Dist.*, 752 F. Supp. 956, 962 (D. Nev. 1990), *aff'd*, 975 F.2d 588 (9th Cir. 1992). In order for a

17   plaintiff to survive a motion to dismiss an intentional infliction of emotional distress claim the

18   complaint must allege conduct that goes beyond that of a run of the mill harassment or

19   discrimination claim. *See Norman v. General Motors Corp.*, 628 F. Supp. 702, 704 (D. Nev. 1986)

20   (employer's initiation of a drug investigation in an attempt to implicate an employee in a drug

21   investigation is outrageous as a matter of law). Liability for emotional distress requires the plaintiff

22   to show that the defendant had the "intention of, or reckless disregard for, causing emotional

23   distress." *State v. Eighth Judicial Dist. Court*, 42 P.3d 233, 241 (Nev. 2002).

24        In order to maintain a claim for intentional infliction of emotional distress, a plaintiff must

25   present proof of "serious emotional distress" causing physical injury or illness. *Olivero v. Lowe*,

3

116 Nev. 395, 399 (Nev. 2000). Evidence of feelings of "inferiority, headaches [and] irritability" is not enough to amount to severe emotional distress. *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993).

Roche alleges that PSAV acted intentionally by engaging in unlawful sexual advances, retaliating against her, and causing her to lose her job with Harrah's. Roche further alleges that these intentional acts caused her emotional and physical health to suffer detrimentally. These allegations, especially the allegation that PSAV's employees continually harassed the plaintiff after she was already employed with another employer, seem sufficiently outrageous and, therefore, raise a question on which reasonable persons may differ.

Roche has presented a line of cases from other districts that hold that a negative employment reference is not extreme or outrageous enough to maintain an emotional distress action. However, the situation depicted in the complaint is distinguishable because, instead of providing damaging information to a former employee's prospective employer, PSAV's employees sought out her new employer in a continued effort to harass her. Accepting this allegation, in addition to Roche's other claims of sexual harassment, as true and construing them in the light most favorable to Roche, the court finds that the allegations state a claim for relief.

Roche's complaint gives a satisfactory recitation of the other elements of the emotional distress claim. The complaint alleges that PSAV's conduct has detrimentally affected her emotional and physical health. Construing these allegations as true and in the light most favorable to the plaintiff, the complaint meets the liberal standard required to survive a motion to dismiss. The issue here is not whether Roche will ultimately prevail on her intentional infliction of emotional distress claim, but whether she will be permitted to present evidence on the claim.

4

Based on the foregoing,

THE COURT HEREBY ORDERS that Defendant's Motion to Dismiss Plaintiff's fifth cause of action for intentional infliction of emotional distress (#7) is DENIED.


DATED this _____ day of July, 2010.

_____
Lloyd D. George
United States District Judge

5