UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRISHA ROCHE, individually,

    Plaintiff,

v.

AUDIO VISUAL SERVICES
GROUP, INC. d/b/a
PSAV PRESENTATION SERVICES,

    Defendant.

Case No. 2:09-cv-01810-LDG-GWF

**ORDER**

    Plaintiff Trisha Roche brought this action against defendant Audio Visual Services Group, INC. d/b/a PSAV Presentation Services ("PSAV") seeking compensatory and punitive damages based on alleged workplace sexual harassment and discrimination. Roche seeks relief based on five causes of action: sexual harassment, unlawful discriminatory employment practices, intentional interference with prospective economic advantage, retaliation, and intentional infliction of emotional distress. PSAV has filed an unopposed motion for summary judgment on all of Roche's claims (#36), and, for the reasons stated herein, the court grants defendant's motion.

**I. Analysis**

    A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Rule 56(a) mandates summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All justifiable inferences must be viewed "in the light most favorable to the non-moving party." *Cnty. of Tuolumne v. Sonora Cmty.*

*Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The movant "bears the initial burden of establishing the absence of a genuine issue of material fact." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). In order to oppose summary judgment, the non-moving party must "go beyond the pleadings and identify facts which show a genuine issue for trial." *Id.* Such opposition "must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." *Taybron v. City of S. F.*, 341 F.3d 957, 960 (9th Cir. 2003). If the non-moving party meets its burden, summary judgment must be denied. Fed. R. Civ. P. 56(e). Further, the failure of an opposing party to respond to a motion within the allotted timeframe "shall constitute a consent to the granting of the motion." LR 7-2(d).

**A. Sexual Harassment**

Roche claims that PSAV subjected her to "sexual harassment and a hostile working environment resulting in a change in the terms and conditions of her employment in violation of Title VII." Compl. ¶ 30. Roche further claims that "[d]efendant's employees and executives continuously and consistently made sexually explicit comments and remarks to plaintiff, and otherwise created a hostile working environment for plaintiff because of her gender." Compl. 6.

"Although not explicitly included in the text of Title VII, claims based on a hostile work environment fall within Title VII's protections." *Panelli v. First Am. Title Ins. Co.*, 704 F. Supp. 2d 1016, 1028 (9th Cir. 2010). Hostile work environment claims "are different in kind from discrete acts" and "[t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Therefore, the hostile work environment "cannot be said to occur on any particular day." *Id.* For a hostile work environment claim to survive summary judgment, the plaintiff must show that "(1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Porter v. Cal. Dept. Corr.*, 419 F.3d 885, 892 (9th Cir. 2005). A determination of hostility is based

on the totality of the circumstances, and the court should look at "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). Further, "[t]he working environment must both subjectively and objectively be perceived as abusive . . . [and] [w]hether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics." *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527 (9th Cir. 1995). Finally, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citation omitted).

     Roche, in support of her sexual harassment claims, alleged in her Complaint a laundry list of misogynistic comments made by PSAV's employees. Roche claims that Regional Vice President Richard Pabst allegedly told her "that, as a woman, she was only permitted to wear dresses or skirts . . . [and that] only men were allowed to wear pants." Compl. ¶ 9. Roche also claims that Pabst would "discuss the looks of various male General Managers . . . and would utter comments . . . such as 'I were a woman, I would do them.'" Compl. ¶ 10. Further, Roche claims that Pabst once sent her a text message "saying words or words to the effect 'do you have a hard on?'" Compl. ¶ 11.

     Roche alleges that Senior Vice President John Rissi insinuated Roche would be able to sleep with clients in order to prevent those clients from doing business with competitors, Compl. ¶ 12, and that he responded to her complaints regarding inappropriate comments "with words to the effect '[m]en will be men,'" Compl. ¶ 14. More generally, Roche alleges that employees of PSAV would "regularly make comments, crude sexual jokes, and use foul language that included referring to women's breasts as 'boobs' and also referring to women as 'whores;'" "tell plaintiff

3

words to the effect 'stop being such a girl;'" use foul language "almost daily;" and "tell plaintiff to twirl around in her dress." Compl. ¶ 13-16[1]. In response to the alleged inappropriate behavior, Roche stated that she complained to Senior Vice President Rissi "about the fact that the atmosphere made her uncomfortable, that work was like a boys [sic] club, and that the atmosphere needed to be cleaned up." Compl. ¶ 14.

While Roche's Complaint alleges that she was subjected to verbal conduct of a sexual nature, and that the conduct was unwelcome, the conduct simply was not sufficiently severe or pervasive enough to alter the conditions of her employment and create an abusive work environment. *See Panelli v. First Am. Title Ins. Co.*, 704 F. Supp. 2d 1016, 1020 (9th Cir. 2010) (affirming summary judgment for defendant where managers referred to women as "bitches"; would tell female employees "you look good today, I'd do you"; growled when observing women and commented "I'd do her"; pantomimed sexual intercourse; harassed an employee when touring a project nearby a brothel; pressured an employee to enter the brothel; stated that they wanted to enter the brothel and see if the wallpaper was "scratch & sniff"; suggested eating at the brothel and said "we can have the 'up-the-butt chicken special'"; physically intimidated an employee by refusing to let her pass while making inquiry as to how good looking he must be; and discussed a marketing representative with "big tits" and said "all she had to do was just shake her tits . . . and she would get whatever she wanted"); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000) (affirming summary judgment for defendant where, though there was "no question" that his comments were offensive, his use of the terms "castrating bitch," "bitch," "histrionics," "madonna," and "regina" were infrequent and not directed at the plaintiff). Further, Roche has not introduced evidence of any sufficiently severe or pervasive conduct to demonstrate any genuine

---

[1]Roche's Complaint is numbered by paragraph; however, Roche erroneously utilized the numbers 14-16 twice. These paragraphs reside on the same page of the Complaint.

4

issue of material fact. Therefore, summary judgment in favor of PSAV is appropriate on Roche's sexual harassment claim.

**B. Gender Discrimination**

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) states that "[i]t shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Similarly, Nevada Revised Statutes § 613.330(1)(a) makes it unlawful for an employer "to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race, color, religion, sex, sexual orientation, age, disability or national origin." Because this state law provision is almost identical to Title VII, Nevada courts look to federal law for guidance in discrimination cases, *see Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005), and apply the *McDonnell Douglas* burden-shifting approach, *see Apeceche v. White Pine Cnty.*, 615 P.2d 975, 977 (Nev. 1980). Accordingly, because a discrimination claim under Nevada law is substantially similar to a Title VII claim, the court will discuss only Title VII. *See Arberry v. Tejas Underground, LLC*, No. 2:08-cv-00168-GMN-PAL, 2010 WL 5070777, at *4 n.2 (D. Nev. Dec. 6, 2010); *cf. Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996).

In the absence of direct evidence of discrimination, courts analyze Title VII discrimination claims according to the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201, 1207 (9th Cir. 2008); *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1093-94 (9th Cir. 2005); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2003). Under the *McDonnell Douglas* framework, a plaintiff must first make out a prima facie case of discrimination. *See Coghlan*, 413 F.3d at 1093-94. To do this,

5

>a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas*, 411 U.S. at 802). If a plaintiff makes out a prima facie case, "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Diaz*, 521 F.3d at 1207. "If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.*

A plaintiff can prove pretext either "(1) indirectly, by showing that the employer's proffered explanation is "unworthy of credence" because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. Of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000). However, a plaintiff's indirect evidence must be both specific and substantial to overcome the legitimate reasons put forth by an employer. *Aragon*, 292 F.3d at 659. Furthermore, "[w]hile the burden of production may shift, the 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Roche satisfies the requirements to establish a prima facie case of discrimination according to the *McDonnell Douglas* framework. Roche was a female employee of PSAV when she was terminated, and was therefore part of a protected class. She maintains that during her employment with PSAV she "was a loyal and competent employee and made substantial contributions," and therefore performed her job satisfactorily. Compl. ¶ 8. Roche alleges that she "was fired in retaliation for making her complaints known about the atmosphere at work," which action was adverse to her employment. Compl. ¶ 15. Lastly, Roche satisfies the fourth element, as she alleges

6

that "male employees in her position were not subjected to such harassment, discrimination and disparate treatment." Compl. ¶ 36.

As plaintiff has stated a prima facie case of discrimination, PSAV must set forth a legitimate, non-discriminatory reason for its adverse employment action. Laura Brassington, PSAV's Human Resources Vice President, stated that she conducted an investigation into inappropriate comments allegedly made by Plaintiff during the course of a conversation which took place between Plaintiff and a potential client. Def.'s Mot. for Summ. J. 4. Brassington maintains that her investigation indicated that while at an industry function, plaintiff stated that a potential client didn't use PSAV – but instead a lesser-qualified competitor – because the potential client "must have gotten money under the table." *Id*. Brassington further maintains that a high-level employee of the potential client heard the comment and was "stunned and offended." *Id*. Plaintiff did not deny making the statement. Pl.'s Dep. 202:3-4. As a result of the comment and the potential client's reaction, plaintiff's employment at PSAV was terminated.

Because PSAV has offered a legitimate, non-discriminatory reason for its adverse employment action, the burden shifts back to Roche to show that PSAV's reason is mere pretext for unlawful discrimination. Roche has not met this burden, as her only proffered explanation for PSAV's action was that PSAV's termination of her employment based on the aforementioned comment to the client was PSAV's "way of getting somebody out that was complaining about sexual harassment." *Id*. This conclusory statement does not show the Defendant's explanation is unworthy of credence, inconsistent, or not believable; neither does it show that unlawful discrimination motivated the employer. Therefore, because Plaintiff has not satisfied her burden under the *McDonnell Douglas* framework to demonstrate any genuine issue of material fact, summary judgment in favor of PSAV is appropriate on Roche's gender discrimination claim.

7

**C. Intentional Interference With Prospective Economic Advantage**

Roche claims that the Defendant, "by and through its Director of Sales and Operations, intended to harm the plaintiff by preventing the [employment] relationship [between Roche and Harrah's] from moving forward via his comments to plaintiff's new boss, Mr. Stewart." Compl. ¶ 42. Further, Roche claims that PSAV "had no privilege or justification for making the comments . . . [and that] [a]s a result of defendant's conduct, plaintiff lost her job at Harrah's." Compl. ¶ 43-44.

In order to prove intentional interference with prospective economic advantage ("IIPEA"), the plaintiff must show "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Wichinsky v. Mosa*, 847 P.2d 727, 729-30 (Nev. 1993).

Roche has not met her burden of raising a genuine issue of material fact. Roche states that "Defendant . . . had no privilege or justification making the [alleged derogatory] comments to plaintiff's new boss, Mr. Stewart." However, Roche fails to support her claim that no privilege or justification existed, and only stated in her complaint that a PSAV director "made several derogatory comments and insinuations about plaintiff" and told Plaintiff's new employer "to make sure that plaintiff was 'checked out.'" Compl. ¶ 24. The Ninth Circuit has held that this type of comment is not actionable. *See Anaya v. Nissan N. Am., Inc.*, 399 F. App'x 275, 276 (9th Cir. 2010) (holding that summary judgment was proper where plaintiff, who had asserted an IIPEA claim against former employer who allegedly stated to plaintiff's employer that plaintiff was a "troublemaker, "disruptive," and  "and shouldn't be promoted to management position," did not put forth evidence that the comments at the heart of the litigation were not privileged).

8

Roche has also failed to provide any evidence that actual harm resulted as a result of PSAV's conduct. This fifth element is not satisfied when the pleadings indicate that the harm which occurred could just as easily have occurred due to acts other than those of the Defendant. *See Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1124 ("However[,] based on the pleadings[,] the harm Plaintiffs allege, *e.g.*, depressed rates at which Plaintiffs [sic] signs have been sold in the past – could just as readily been caused by market conditions than by any intentional act of Defendants."). All the evidence on record indicates that Roche was terminated from her position at Harrah's not because of PSAV's actions, but due to Roche's omitting portions of her employment history on her job application. Decl. of Ty Stewart. ¶ 11; Pl.'s Dep. 258:25-259:10. Roche signed Harrah's job application, which clearly stated that "[a]ny false or misleading information furnished by [the applicant] regarding this application will result in the rejection of this application *or termination if employed by Harrah's Operating Company, Inc. or one of its subsidiaries . . . .*" Pl.'s Dep. Ex. C (emphasis added). Therefore, because Roche failed to demonstrate any genuine issue of material fact, summary judgment in favor of the PSAV is appropriate on Roche's intentional interference with prospective economic advantage claim.

**D. Retaliation**

Roche claims that "defendant willfully, wantonly, recklessly and maliciously violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 et. seq., by discriminating against Plaintiff in retaliation for her having complained of sexual harassment and discrimination in employment practices by Defendants."[2] Compl. ¶ 48. Plaintiff further claims that she "was fired in retaliation for making her complaints known about the atmosphere at work." Compl. ¶ 15.

---

[2] Plaintiff's complaint erroneously references 42 U.S.C. § 2000e-16, which addresses employment by the federal government. The proper statutory reference would be to 42 U.S.C. § 2000e-3, which makes it unlawful for an employer "to discriminate against any of his employees…because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

9

The *McDonnell Douglas* burden-shifting framework previously mentioned is also applicable to Title VII retaliation claims. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). "To establish a prima facie case of discriminatory retaliation, a plaintiff must show that: (1) she engaged in an activity protected under Title VII; (2) her employer subjected her to adverse employment action; [and] (3) there was a causal link between the protected activity and the employer's action." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986). Causation sufficient to establish a prima facie case "may be inferred from the proximity in time between the protected action and the allegedly retaliatory discharge" or can be proven "by providing direct evidence of retaliatory evidence." *Id.* Further, "[t]o show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Cohen*, 686 F.2d at 796. If plaintiff establishes a prima facie case of retaliation, "the burden of production shifts to the employer to articulate a legitimate, non-retaliatory explanation for the action." *Id.* At that point, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Texas*, 450 U.S. at 257. If the employer produces such evidence, "then the burden shifts once again to the plaintiff to show that the defendant's proffered explanation is merely a pretext for discrimination." *Miller*, 797 F.2d at 731. Finally, to survive a motion for summary judgment, the non-moving party "must produce *specific* facts showing that there remains a genuine factual issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Id* (internal quotations marks and citations omitted).

Roche established a prima facie case of retaliation. Roche alleges that she "opposed [a] practice made an unlawful employment practice," 42 U.S.C. § 2000e-3, by reporting to Senior Vice President Rissi that she was uncomfortable with the atmosphere at work, Compl. ¶ 14. Roche also alleges that "defendant willfully, wantonly, recklessly and maliciously discriminat[ed] against

Plaintiff in retaliation for her having complained of sexual harassment and discrimination in employment practices," Compl. ¶ 48, and "was fired in retaliation for making her complaints known about the atmosphere at work," Compl. ¶ 15.

PSAV met its burden to set forth a legitimate, non-discriminatory reason for its adverse employment action by showing that Laura Brassington, PSAV's Human Resources Vice President, discovered that Roche had made an inappropriate and offensive comment about a potential client. Def.'s Mot. For Summ. J. 4. Plaintiff did not deny making the statement. Pl.'s Dep. 202:3-4. As a result of the comment and the potential client's reaction, plaintiff's employment at PSAV was terminated.

Because Roche set forth a legitimate, non-discriminatory reason for its adverse employment action, the burden shifts back to Roche to show that PSAV's reason is mere pretext for unlawful discrimination. Roche has not met this burden, as her only proffered explanation for PSAV's action was that PSAV's termination of her employment based on the aforementioned comment to the client was PSAV's "way of getting somebody out that was complaining about sexual harassment." Pl.'s Dep. 202:20-25. Therefore, because Plaintiff failed to demonstrate any genuine issue of material fact, summary judgment in favor of the Defendant is appropriate on Plaintiff's retaliation claim.

**E. Intentional Infliction of Emotional Distress**

Roche claims that "[a]s a direct and proximate result of the acts of all Defendants, Plaintiff suffered and continues to [suffer] severe emotional distress." Compl. ¶ 55. Under Nevada law, "[t]o establish a cause of action for intentional infliction of emotional distress ["IIED"], Plaintiff must establish the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Jespersen v. Harrah's Operating Co.,*

*Inc.*, 280 F. Supp. 2d 1189, 1194 (D. Nev. 2002). Generally, liability for emotional distress does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Candelore v. Clark Cnty. Sanitation Dist.*, 752 F. Supp. 956, 962 (D. Nev. 1990), *aff'd*, 975 F.2d 588 (9th Cir. 1992). In order to maintain a claim for intentional infliction of emotional distress, a plaintiff must present proof of "serious emotional distress" causing physical injury or illness. *Oliver v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000).

Plaintiff's IIED claim is based on the alleged sexual harassment, discrimination, and retaliation that occurred during her employment with PSAV, as well as Jay Jurgensen's alleged derogatory comments and insinuations made to Ty Stewart. Compl. 9. As stated in the above sections, Plaintiff has not met the burden to maintain her sexual harassment, discrimination, or retaliation claims in violation of Title VII. Since the alleged acts did not reach the level of severity and pervasiveness necessary to maintain legitimate Title VII claims against Defendant, the alleged acts are not "extreme or outrageous" enough to maintain an IIED claim. Further, Plaintiff has not provided any evidence to support her allegation that her former employer, PSAV, "hunt[ed] down its former employee" for the purpose of getting her fired from subsequent employment. Pl.'s Resp. to Mot. to Dismiss. 6. The only evidence on the record is from the affidavit of Ty Stewart, wherein he stated:

> In or about April, 2008, I attended a meeting at the Rio. The purpose of the meeting was to introduce my team to PSAV and, similarly, for PSAV to introduce its team to us. Mr. Jurgensen was in attendance at that meeting and to my knowledge was the first notice to Mr. Jurgensen that Ms. Roche had commenced work for Harrah's. When I introduced Ms. Roche to Mr. Jurgensen, it became immediately apparent that the two of them knew each other. In fact, based on my observations, Mr. Jurgensen seemed very surprised to see Ms. Roche. I don't recall the exact circumstances of the conversation between Mr. Jurgensen and myself, but it was communicated to me at that point that Ms. Roche had previously worked for PSAV. Mr. Jurgensen did not disparage Ms. Roche, and said that if I had further questions I should contact the PSAV human resources group. Given the relationship between PSAV and Harrah's…I am certain I would have sought a reference from PSAV had I known Ms. Roche worked for PSAV prior to working for Harrah's.

Decl. of Ty Stewart ¶ 6-8. Mr. Stewart further stated that after confirming Ms. Roche had not disclosed her prior employment with PSAV, he made the decision, along with his human resources department, to terminate Roche's employment with Harrah's. *Id.* Mr. Stewart concluded by stating that "[n]o one outside Harrah's, including Mr. Jurgensen, influenced that decision." *Id.* As previously stated in this opinion, Mr. Jurgensen's comments to Mr. Stewart are not actionable, as Roche has not provided any evidence that the comments were not privileged. Further, there is absolutely no evidence in the record which indicates that PSAV "hunted down" Roche for the purpose of getting her fired from subsequent employment. Therefore, Roche has failed to demonstrate any genuine issue of material fact, and summary judgment in favor of PSAV is appropriate on Roche's retaliation claim.

## II. Conclusion

For the reasons stated herein,

THE COURT HEREBY ORDERS that PSAV's Motion for Summary Judgment (#36) is GRANTED.

DATED this ___19___ day of July, 2011.

_____
Lloyd D. George
United States District Judge